731 S.E.2d 296

**In the Matter of Charles Thomas BROOKS, III, Respondent.**

**No. 27151.**

Supreme Court of South Carolina.

Submitted July 2, 2012.

Decided Aug. 1, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey MacLure Watson, III, of Ballard Watson Weissenstein, of West Columbia, for Charles Thomas Brooks, III.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand. Respondent agrees to make restitution to the South Carolina Commission on Indigent Defense (SCCID) for the excess compensation he received by asking it to reduce the fees it currently owes to him by $61,826.40. Respondent agrees that, within thirty (30) days of imposition of a sanction, he will provide the Commission on Lawyer Conduct (the Commission) with documentation from SCCID that the request has been made and will satisfy his debt to SCCID. If the amount respondent is owed by SCCID is insufficient to satisfy his debt, respondent agrees to submit a repayment plan for the balance owed to the Commission within thirty (30) days of the imposition of discipline. Respondent further agrees to complete the Legal Ethics and Practice Program Ethics School within one (1) year of imposition of discipline and he agrees to

pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of imposition of discipline. We accept the Agreement and issue a public reprimand with conditions as stated hereafter. The facts, as set forth in the Agreement, are as follows.

### *Facts*

A substantial portion of respondent's practice has been devoted to representing indigents in post-conviction relief, Department of Social Services, and sexually violent predator actions. Respondent also represents indigents in criminal cases and probation revocations.

The executive director of the SCCID filed a complaint against respondent alleging he overbilled SCCID for his representation of indigents. For most of his appointed work, respondent would submit vouchers at the conclusion of his representation on each case. Respondent's vouchers served as itemized billing records for each individual case indicating time and dates for the work performed.

During a time period covering approximately two (2) years and eight (8) months, respondent's vouchers to the SCCID contained numerous errors. In fact, when respondent's billing records for that period were later totaled by date rather than viewed as separate vouchers, the calculations revealed that respondent billed SCCID in excess of 24 hours per day for fourteen separate days.

Respondent admits he substantially overbilled for his representation of indigent clients and acknowledges systemic problems with his billing practices. Chief among these problems was respondent's failure to maintain contemporaneous time records in his indigent cases. When it was time to submit a voucher, respondent and his staff often relied on his client's file to determine the amount of time he had devoted to that particular client. Respondent submits this approach resulted in him sometimes incorrectly attributing work to the wrong dates and overestimating the time devoted to a particular task. It also caused him to sometimes bill for the same travel time more than once because the underlying cases were concluded at different times and he did not keep track of whether he had already billed travel time for a particular day. Additionally,

respondent billed for items SCCID does not consider compensable, namely work performed by paralegal staff and particular travel time. Respondent further explains that some work was reported under his name when it was actually performed by his wife, another attorney in his firm. Despite these admitted problems, respondent contends he did not intentionally overbill SCCID and ODC does not have any evidence to the contrary.

Due to the lack of contemporaneous time records, an exact figure for excess billing and excess payments received cannot be established. However, after reviewing the records in detail with the assistance of his counsel and a forensic accountant, respondent calculates he received $61,826.40 in excess compensation from SCCID.

Respondent has continued to represent indigent clients and submit vouchers for his work but, pursuant to his requests, SCCID has not paid him for his services since ODC began its investigation. Because of the additional vouchers submitted during the investigation, respondent represents that SCCID owes him more on approved, unpaid vouchers than he received in excess compensation.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5(a) (lawyer shall not charge or collect an unreasonable fee or an unreasonable amount for expenses) and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

### Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

Respondent shall make restitution to SCCID for the excess compensation he received by asking it to reduce the fees it currently owes to him by $61,826.40 and entering into a repayment plan if the amount owed to him is insufficient to satisfy his debt to SCCID. Within thirty (30) days of the date of this opinion, respondent shall provide the Commission with documentation from SCCID that his request has been made and that it will satisfy his debt to SCCID. If the amount respondent is owed by SCCID is insufficient to satisfy his debt, respondent shall submit a repayment plan for the balance owed to SCCID to the Commission within thirty (30) days of the date of this opinion.

Respondent shall complete the Legal Ethics and Practice Program Ethics School within one (1) year of the date of this opinion and provide the Commission with proof of completion no later than ten (10) days after the conclusion of the program. Finally, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.