# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Charles Thomas Brooks, III,
Respondent.

Appellate Case No. 2021-001482

---

Opinion No. 28082
Submitted January 20, 2022 – Filed February 9, 2022

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

Charles Thomas Brooks, III, of Sumter, Pro Se.

---

**PER CURIAM:**  In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to a public reprimand.  We accept the Agreement and issue a public reprimand.
The facts, as set forth in the Agreement, are as follows.

## I.

## Matter A

In October 2014, Complainant hired and paid Respondent $10,000 to represent
Complainant's brother, Client A, in filing a petition for a writ of habeas corpus.
Respondent did not place the $10,000 retainer in his trust account and instead
treated the entire retainer as earned upon receipt.  No written fee agreement

authorizing an advance fee existed between Respondent and Client A. At Complainant's request, Respondent's firm provided an accounting dated September 8, 2015, that reflected $3,900 of the retainer was used and $6,100 of the retainer remained. Complainant then advised Respondent that Client A died in August 2015 and requested a refund of the $6,100 unused retainer.

On September 11, 2015, Respondent sent Complainant a letter requesting verification of Complainant's appointment as personal representative for Client A's estate. Respondent informed Complainant he would continue working on Client A's case until Complainant provided the requested information. Complainant subsequently provided an order from a Virginia Beach clerk's office appointing Complainant as the administrator of Client A's estate for the sole purpose of the prosecution or defense of any civil action. Respondent questioned whether the order appointed Complainant as personal representative for the estate and sought legal advice from a Virginia attorney. Based upon that advice, Respondent did not release any unearned fees to Complainant.

On October 12, 2015, Complainant filed a fee dispute with the South Carolina Bar's Resolution of Fee Disputes Board (Fee Board). In response to the fee dispute, Respondent reported that after a final accounting, the remaining amount of unearned fees due to Client A's estate was $145.76. Respondent reported that the total earned fees in the case were $9,547.50 and the total costs were $306.74. Respondent further represented that the September 8, 2015 invoice was an interim invoice and did not include the total research and work completed on the case. Respondent also billed for the time expended in closing out the file, confirming the death of Client A, determining the proper way to disburse the unearned retainer, and responding to the fee dispute and grievance filed against him.

The Fee Board issued a report finding Client A's estate was due a refund of $4,608.26 in unearned fees. The Fee Board concluded Respondent was entitled to bill for his time closing out the file but Respondent was not entitled to bill for time related wholly to the fee dispute or the grievance. Following this ruling, Respondent transferred funds from his operating account into his trust account to pay the fee dispute award.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.5(f) (requiring a written agreement authorizing an advance fee); Rule 1.15(a) (prohibiting commingling of funds); and Rule 1.15(c) (requiring unearned fees to be deposited into trust).

## Matter B

Client B hired Respondent to represent her in a domestic matter. On April 29, 2016, Respondent's office mailed Client B notification of a hearing scheduled for June 3, 2016. On the morning of the hearing, Respondent's paralegal contacted Client B to confirm her appearance at the hearing, but Client B indicated she could not attend the hearing because she was out of town. Respondent's paralegal drafted an affidavit for use at the hearing based on facts provided by Client B via telephone. At the paralegal's request, Client B emailed the paralegal with written authorization for the paralegal to sign Client B's name on the affidavit. The paralegal gave the affidavit she had signed and notarized to Respondent without informing Respondent that she had signed Client B's name on the affidavit.

Respondent presented the affidavit in court and informed the judge that his client was out of town. When the judge questioned Respondent about the signature of Client B, who was reported to be out of town, Respondent requested to withdraw the affidavit. Respondent later submitted a proper affidavit signed by Client B to the Court. Respondent represents that he was unaware that his paralegal had signed Client B's name to the affidavit but acknowledges that he failed to properly supervise his paralegal in violation of Rule 5.3(b), RPC, Rule 407, SCACR (requiring a lawyer to supervise nonlawyer staff in a way that ensures the nonlawyer's conduct is compatible with the lawyer's professional obligations).

## Matter C

On September 5, 2018, Client C hired and paid Respondent a retainer of $2,500 for representation in a domestic matter. Prior to a final hearing in the case, Client C signed an affidavit acknowledging she had a balance of fees and costs due to Respondent in the amount of $9,180.44. Client C later disputed the amount of fees owed to Respondent and filed a fee dispute with the Fee Board. The Fee Board issued a report finding Respondent's fees were earned and reasonable and that Client C was not entitled to a refund or payment from Respondent.

However, Respondent treated the $2,500 retainer he received from Client C in September 2018 as earned upon receipt and did not place the funds in his trust account without a written fee agreement authorizing an advance fee. Respondent admits his conduct in this matter violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.5(f) (requiring a written agreement authorizing an advance fee); Rule 1.15(a) (prohibiting commingling of funds); and Rule 1.15(c) (requiring unearned fees to be deposited into trust).

## II.

Respondent also admits his misconduct is grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline). Respondent consents to the imposition of a public reprimand, agrees to pay costs, and agrees to attend the Legal Ethics and Practice Program Ethics School and Trust Account School. Respondent's disciplinary history includes a 2012 confidential admonition and a 2012 public reprimand.[1]

## III.

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by Disciplinary Counsel and the Commission on Lawyer Conduct. Within nine months, Respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[1] The 2012 confidential admonition cited the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (requiring competence); Rule 1.2 (allocating authority between lawyer and client); Rule 1.3 (requiring diligence); Rule 1.4 (requiring adequate communication); Rule 3.5(b) (prohibiting ex parte communications); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice). In this Court's decision in *In re Brooks*, 399 S.C. 39, 731 S.E.2d 296 (2012), the Court publicly reprimanded Respondent for overbilling the South Carolina Commission on Indigent Defense and ordered Respondent to pay restitution in the amount of $61,826.